**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Eugene Patterson, | ) | |
| | ) | C.A. No. 6:10-cv-03021-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Gentiva Health Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case arises out of Plaintiff Eugene Patterson's ("Patterson") termination of employment by Defendant Gentiva Health Services, Inc. ("Gentiva"). Currently before the court is Defendant's Motion to Dismiss First Cause of Action contained in Plaintiff's Complaint [Doc. 5] pursuant to Fed. R. Civ. P. 12(b)(6) in which Gentiva asks the court to dismiss Patterson's cause of action for wrongful discharge in violation of public policy.

**FACTUAL AND PROCEDURAL BACKGROUND**

Patterson was a registered home health care nurse employed by Gentiva. Patterson alleges that in October 2008, he was ordered by a physician to undertake wound care for a patient twice weekly for two weeks. He further alleges that prior to the expiration of the wound care order, Gentiva requested that he cease the provision of wound care to the patient. Patterson performed the wound care on the patient after receiving instructions from Gentiva not to do so because he understood that the physician order for the wound care remained in place. Patterson also alleges that he was required to continue the physician-ordered wound care by South Carolina statutes governing the practice of nursing. Shortly thereafter, Gentiva terminated

1

Patterson's employment on the basis of insubordination by providing wound care to the patient in contravention of Gentiva's instructions.

Patterson filed a complaint against Gentiva in state court alleging causes of action for wrongful termination in violation of public policy and breach of contract. Gentiva removed the case to this court and filed the instant motion to dismiss.

## LEGAL STANDARD

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the

plaintiff's favor. *See McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *See Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Generally, an employer may terminate an at-will employee for any reason or for no reason at all. *Culler v. Blue Ridge Elec. Co-op., Inc.*, 309 S.C. 243, 422 S.E.2d 91 (1992). However, when an employer terminates an employee for a reason that violates a clear mandate of public policy, the terminated employee has a cause of action for wrongful discharge. *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). The public policy exception has been found to apply in two situations: (1) when an employer forces an at-will employee to break the law in order to keep his job; and (2) when "the reason for the employee's termination was itself a violation of the criminal law." *Love v. Cherokee Cnty. Veterans Affairs Office*, No. 7:09-194-HMH, 2009 WL 2394369 (D.S.C. July 31, 2009) (citing *Ludwick*, 287 S.C. 219, 337 S.E.2d 213, and *Lawson v. S.C. Dept. of Corr.*, 340 S.C. 346, 532 S.E.2d 259, 261 (2000)). When a terminated employee sues his former employer alleging the employer violated rights other than the right to employment — constitutional rights or rights granted by a specific statute, for example — he has no cause of action for wrongful discharge in violation of public policy. *See Wiedeman v. Ridgeway Min. Co.*, No. 0:92-2342-17, 1993 WL

379545 (D.S.C. June 23, 1993) (citing *Epps v. Clarendon Cnty.*, 304 S.C. 424, 426, 405 S.E.2d 386, 387 (1991)).

Patterson alleges that he performed wound care services to the patient despite Gentiva's instructions to discontinue such services because South Carolina law prohibited his abandonment of a patient once the nurse-patient relationship commenced. S.C. Code. Ann § 40-33-110(24) provides that a nurse may be subject to discipline of his license if he:

> abandoned a patient after accepting the patient assignment and establishing a nurse-patient relationship and disengaged the nurse-patient relationship without giving reasonable notice to the appropriate personnel responsible for making arrangements for continuation of nursing care.

Patterson alleges in his complaint that Gentiva terminated his employment as a result of his efforts to comply with this statute. Stated otherwise, Patterson alleges that Gentiva required him to ignore this statute to remain in its employ. Taking Patterson's allegations as true and liberally construing all reasonable inferences therefrom in his favor, Patterson has adequately alleged that he was asked to violate or ignore the law to maintain his job with Gentiva.

Accordingly, the court denies Gentiva's request for dismissal of Patterson's claim for wrongful discharge.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Gentiva Health Services, Inc.'s Motion to Dismiss First Cause of Action Contained in Plaintiff's Complaint [Doc. 5].

**IT IS SO ORDERED.**

                                    s/ J. Michelle Childs
                                    United States District Judge

July 25, 2011

Greenville, South Carolina